Acero-Guaman v. Garland

BIA
Leeds, IJ
A202 066 872

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand twenty-four.

PRESENT:
> GUIDO CALABRESI,
> JOSEPH F. BIANCO,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

JESSICA MARIBEL ACERO-GUAMAN,
> *Petitioner,*

v.                                                                 **21-6606**
                                                                   **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Michael Borja, Esq., Borja Law Firm, P.C., Jackson Heights, NY.

FOR RESPONDENT:        Brian Boynton, Principal Deputy Assistant

Attorney General; Carl McIntyre, Assistant Director; Gregory A. Pennington, Jr., Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jessica Maribel Acero-Guaman, a native and citizen of Ecuador, seeks review of an October 22, 2021, decision of the BIA affirming a December 6, 2018, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jessica Maribel Acero-Guaman*, No. A 202 066 872 (B.I.A. Oct. 22, 2021), *aff'g* No. A 202 066 872 (Immig. Ct. N.Y. City Dec. 6, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision "as modified by" the BIA, i.e., minus the grounds for the decision that the BIA declined to reach. *Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review legal conclusions de novo and findings of fact for substantial evidence. *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021). "[T]he administrative findings of fact are conclusive unless

any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition because Acero-Guaman's arguments here are unexhausted.

**I. Asylum and Withholding of Removal**

An applicant for asylum or withholding of removal has the burden to show either past persecution or a fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (concluding that the BIA's application of the "one central reason" standard to both asylum and withholding of removal "relie[d] on statutory interpretation principles and [was] supported by practical considerations"). To constitute persecution, the harm suffered or feared must be by the government or by private actors that the government is unable or unwilling to control. *See Scarlett v. Barr*, 957 F.3d 316, 331 (2d Cir. 2020) ("[A]n applicant seeking to establish persecution based on [the] violent conduct of a private actor . . . must show that the government [1] condoned the private actions or [2] at least demonstrated a complete helplessness to protect the victims."

(alterations in original) (citation and internal quotation marks omitted)).

Exhaustion of issues and claims before the BIA is mandatory, although "subject to waiver and forfeiture." *Santos-Zacaria v. Garland*, 598 U.S. 411, 423 (2023); *see also Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (explaining that issue exhaustion is a mandatory claim-processing rule "that a court must enforce. . . if a party properly raises it" (citation and quotation marks omitted)). Acero-Guaman argues for the first time on appeal that she qualifies for asylum and withholding of removal because of her membership in the particular social group of "Ecuadorian women unable to leave their relationship." We do not reach this social group claim because she did not raise it before the agency and the Government argues that it is unexhausted. *Santos-Zacaria*, 598 U.S. at 423; *Ud Din*, 72 F.4th at 419–20 & n.2. Acero-Guaman has not otherwise challenged the agency's dispositive determination that she did not establish a nexus between the harm she suffered and her indigenous ethnicity; thus, she has abandoned that basis for relief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." (quoting *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998))).

**II.     CAT Relief**

Acero-Guaman argues that the IJ applied the wrong standard to her CAT claim.   However, she did not meaningfully challenge the IJ's denial of her CAT claim on appeal to the BIA, and the BIA found it waived.   Accordingly, the CAT claim is unexhausted and not properly before us.   *See Ud Din*, 72 F.4th at 419–20 & n.2; *Quituizaca*, 52 F.4th at 116 ("We require the [p]etitioner to raise *issues* to the BIA in order to preserve them for judicial review." (alteration in original) (citation and quotation marks omitted)).   Moreover, she has not challenged the BIA's waiver finding, which is the only basis for challenging the CAT claim in this Court. *See Pomavilla-Zaruma v. Garland*, 81 F.4th 145, 152 (2d Cir. 2023) ("When the BIA declines to consider an issue because it is waived, this Court's review is limited to whether the BIA erred in deeming the argument waived." (citation and quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5